IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES M. HOUSTON,

    Plaintiff,

v.

YONCALLA SCHOOL DISTRICT NO. 32, a political subdivision of the State of Oregon, et al.,

    Defendants.

Case No. 6:13-cv-01318-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff initially filed suit alleging gender and age discrimination, violations of his constitutional rights under 42 U.S.C. § 1983, and various state law claims. Defendants moved to dismiss plaintiff's claims asserted in his Second Amended Complaint in their entirety. The court allowed plaintiff to file an amended complaint with respect to his First Amendment retaliation claims and dismissed the remainder plaintiff's claims. Plaintiff filed a

1   - OPINION AND ORDER

Third Amended Complaint alleging violations of his First Amendment rights. Individual defendants George Murdock, Lisa Frasieur, Twila VanLoon, David Anderson, Gene Vroman, and Carl Cox (Individual Defendants) again move for dismissal of the claims against them. Defendants Yoncalla School District (YSD) and Douglas Education Service District (DESD) also move for dismissal of plaintiff's request for punitive damages against them. Alternatively, all defendants move for dismissal of plaintiff's First Amendment claims for failure to comply with the court's previous order. The motion is denied in part and granted in part.

## DISCUSSION

Plaintiff is a substitute teacher and receives teaching assignments through DESD. Plaintiff has taught and continues to receive teaching assignments at schools within YSD.

Plaintiff alleges that DESD and the YSD School Board - comprised of Board members who are named as defendants - retaliated against him and sought to "chill" his free speech rights after he provided the Board with a tort claim notice and voice numerous complaints. Specifically, plaintiff alleges that he was informed that law enforcement officers would be called to any public school meeting he attempted to attend, and that he would be charged with trespass if he attempted to enter DESD property. Pl.'s Third Am. Compl. at 12-13.

Individual Defendants argue that plaintiff has not alleged

2    - OPINION AND ORDER

their personal participation in the deprivation of his rights and therefore cannot sustain claims against them. Further, Individual Defendants argue that they are entitled to qualified immunity, presumably because plaintiff does not specify how each of them violated his constitutional rights.

When viewed in plaintiff's favor, I find that his allegations suffice to state claims against Individual Defendants. Plaintiff alleges that after he gave his tort claim notice to the YSD Board, YSD's attorney notified plaintiff that law enforcement officers would be called to any YSD public meeting that plaintiff attempted to attend. Pl.'s Third Am. Comp. at 12. Plaintiff also alleges that the attorney threatened plaintiff with arrest for trespass if plaintiff attempted to attend YSD meetings or "set foot on DESD property for any reason." Id. at 13. Granted, plaintiff does not identify which of the Individual Defendants made the decision regarding potential law enforcement presence and trespass charges at public district meetings. Nonetheless, plaintiff's allegations reasonably imply that either Murdock (as Superintendent of YSD/DESD) and/or the Board (comprised of individual Board members) made such decisions on behalf of YSD and DESD and communicated those decisions through their attorney.

Accordingly, I find that plaintiff sufficiently alleges First Amendment retaliation claims against Individual Defendants at this stage of the litigation. See Pinard v. Clatskanie Sch. Dist., 6J,

3    - OPINION AND ORDER

467 F.3d 755, 770 (9th Cir. 2006). Further, I find that qualified immunity does not defeat plaintiff's allegations at the dismissal stage. Accepting plaintiff's allegations as true, a "reasonably competent" district official should have known or understood that banning plaintiff's attendance at public meetings or "chilling" his speech in retaliation for plaintiff's complaints would violate the First Amendment. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).

Defendants next argue that plaintiff's punitive damages claims against YSD and DESD must be dismissed, because municipal bodies - including school districts - cannot be held liable for punitive damages. Defendants are correct. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."); Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004) ("[T]he word "person" in § 1983 includes municipalities and other local governing bodies such as school districts."). Accordingly, plaintiff's prayer for punitive damages against YSD and DESD is stricken.

Finally, defendants argue that plaintiff's First Amendment claims should be dismissed for failure to follow the court's previous instructions regarding amendment. Defendants maintain that plaintiff was allowed to pursue only a retaliation claim rather than a First Amendment deprivation-of-speech claim. Given that plaintiff included a First Amendment claim in addition to his retaliation claim, defendants argue that plaintiff violated the

4    - OPINION AND ORDER

court's order and his claims should be dismissed as a result.

However, such a harsh result clearly runs afoul of Ninth Circuit directives regarding pro se litigants and alternatives less drastic than dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002). Further, the court's previous order allowed plaintiff to pursue his claims in former Counts II and VI, which included a First Amendment claim; though the court specified a "retaliation" claim, I cannot find that plaintiff violated the court's order when he was granted leave to pursue those claims.

Moreover, the court's intent was to bar untimely amendments and dismissed or new claims based on newly-alleged facts. Here, plaintiff's First Amendment claim relies on the same facts that form the basis of his retaliation claim. Thus, to the extent plaintiff alleges that defendants "chilled" his free speech and excluded him from public meetings because of the content of his speech, I will allow a First Amendment claim at this time. See Norse v. City of Santa Cruz, 629 F.3d 966, 975 (9th Cir. 2010) ("A council can regulate . . . the content of speech — as long as content-based regulations are viewpoint neutral and enforced that way."); Galena v. Leone, 638 F.3d 186, 197 (3rd Cir. 2011) ("In our consideration of this case we recognize that, though the First Amendment's protection of freedom of expression is not inviolate, when a public official excludes a citizen from a public meeting, the official must not be acting in violation of that amendment.").

CONCLUSION

Accordingly, defendants' Motion to Dismiss (doc. 73) is GRANTED with respect to punitive damages and DENIED in all other respects. Plaintiff's prayer for punitive damages against YSD and DESD is STRICKEN.

IT IS SO ORDERED.

DATED this 29 day of January, 2015.

_____
Ann Aiken
United States District Judge

6    - OPINION AND ORDER