UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES M. HOUSTON,

    Plaintiff,

v.

YONCALLA SCHOOL DISTRICT
NO. 32, a political subdivision
of the State of Oregon, et al.,

    Defendants.

Case No. 6:13-CV-01318-AA

OPINION AND ORDER

James M. Houston
620 Cleveland Loop Drive
Roseburg, OR, 97471
    Pro se plaintiff

Kate Wilkinson
John Stellwagen
Haley Percell
Oregon School Boards Association
PO Box 1068
Salem, OR 97308
    Attorneys for defendant

1 — OPINION AND ORDER

AIKEN, Judge:

Plaintiff alleges retaliation in violation of his constitutional First Amendment rights under 42 U.S.C. § 1983. In a prior opinion dated June 11, 2014, I dismissed plaintiff's previous allegations of age discrimination, substantive and procedural due process rights violations, equal protection violations, whistleblower retaliation, negligent and intentional infliction of emotional distress, defamation, negligence, promissory estoppel, and breach of contract. I allowed plaintiff leave to amend his second complaint with respect to his two surviving claims of First Amendment retaliation.

Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on plaintiff's claims for First Amendment retaliation. For the reasons set forth below, defendants' Motion for Summary Judgment is granted.

## BACKGROUND

Since 2007, plaintiff has been employed as a substitute teacher with the Douglas Education Service District (DESD) and has served as a substitute teacher in the Yoncalla School District (YSD). Defs.' Br. 2-3; Percell Decl. Ex. 17 at 2, Ex. 19 at 2. At all relevant times, George Murdock acted as the superintendent of DESD and YSD, and Andrew Boe was the Assistant Superintendent for DESD. Defs.' Br. 3. Plaintiff also named as defendants all individuals who comprised the local YSD Board at the time of the allegations, including Lisa Frasieur, Twila VanLoon, David Anderson, Gene Vroman, and Carl Cox.

On September 18, 2012, an instructional assistant working in plaintiff's classroom notified plaintiff about a male student hitting female students in their breast areas. Percell Decl. Ex. 1. Following the male student's admission, plaintiff and Principal Gerald Fauci discussed the incident. Percell Decl. Exs. 1, 19 at 3. While in plaintiff's presence, Fauci contacted the police

2 — OPINION AND ORDER

and left a message regarding the incident. *Id.* Ex. 1. Fauci later told plaintiff that he had spoken with the police, and that the police would not pursue the matter. *Id.* Ex. 19 at 4.

On September 25, 2012, plaintiff was notified of another incident involving a student who claimed to have been threatened with a knife by another student. Percell Decl. Ex. 2. Plaintiff informed Fauci of the matter, and Fauci informed plaintiff that he would notify the high school principal, Brian Berry, and Boe. Percell Decl. Ex. 2. Subsequently, plaintiff insisted that the incidents were not reported satisfactorily to the proper authorities, if reported at all. Percell Decl. Ex. 19 at 3. After Boe, YSD, and DESD had determined the child abuse incidents did not warrant further reporting to the police or DHS, plaintiff maintained that the incidents should have been reported to the police and/or DHS. Percell Decl. Ex. 16 at 3.

On or about November 17, 2012, plaintiff notified Boe that he intended to file a tort claim notice over a dispute with YSD over his teaching status and compensation.

On November 19, 2012, plaintiff attended a YSD Board meeting and intended to speak about his contract dispute with YSD. According to YSD policy, personnel complaints about YSD employees are prohibited during public school board sessions. Percell Decl. Ex. 12 at 2. Therefore, plaintiff was not allowed to speak about his tort claim, and he handed his written speech and tort claim notice to whom he believed to be the Board Chair. Percell Decl. Exs. 3-5. In both plaintiff's written speech and tort claim notice, he complained about an alleged oral agreement between plaintiff and YSD administration for a permanent teaching position plaintiff claims he had been offered. Percell Decl. Exs. 3-4.

On November 21, 2012, Boe sent a letter to the Teaching Standards and Practices Commission (TSPC) notifying them of plaintiff's alleged failure to make a mandatory report of child abuse and of plaintiff's threatening emails he had sent to a YSD staff member. Percell

3 — OPINION AND ORDER

Decl. Ex. 14. Boe filed the TSPC complaint after plaintiff continued to express dissatisfaction in the reporting of the incidents, believing that plaintiff was obligated to report the student incidents if he continued to believe that they warranted such action. Percell Decl. Ex. 16 at 3, Ex. 18 at 2-3, 5. Plaintiff, Boe, and other District Administrators each have a mandatory reporting obligation; the failure to report an incident believed to be reportable may constitute a violation of TSPC licensing rules. Percell Decl. Ex. 16 at 3, Ex. 17 at 2. TSPC rules also obligate plaintiff, Boe, and other District Administrators to report potential violations of TSPC rules by licensed individuals. Percell Decl. Ex. 16 at 3. After an initial investigation, TSPC charged plaintiff with professional misconduct. Percell Decl. Ex. 13. Plaintiff was afforded a hearing to contest the charges; neither party provided evidence of TSPC's final decision.

Before plaintiff provided his tort claim notice to Boe and the YSD Board, plaintiff sent threatening emails to a YSD staff member, which caused the staff member to be concerned for the staff member's safety. Percell Decl. Ex. 18. Murdock worked with legal counsel Dan Clark to limit plaintiff's access to YSD and DESD property, and on December 10, 2012, Clark sent plaintiff the following letter through certified mail:

> The threatening tone of your communications regarding Yoncalla School District, George Murdock and Andy Boe has led to several Yoncalla and Douglas ESD staff members to no longer feel safe in your presence. THEREFORE, YOU ARE HEREBY NOTIFIED THAT YONCALLA SCHOOL DISTRICT WILL HAVE SECURITY PRESENT IF YOU ATTEND ANY PUBLIC MEETINGS at the High School or Elementary School. Furthermore, you are prohibited from physically coming in to the Douglas ESD office in Roseburg. Yoncalla School District and the Douglas ESD have informed the Sheriff's Office of its need for security during public meetings. Douglas ESD has informed the Roseburg Police Department that you are prohibited from being physically present at ESD headquarters. If you violate this prohibition, staff at both institutions have been directed to immediately contact the Sheriff's Department or the Roseburg police to report you as a trespasser.

Percell Decl. Ex. 7.

4 — OPINION AND ORDER

On January 11, 2013, Clark sent plaintiff a second letter prohibiting plaintiff from contacting the staff member who felt threatened by his emails, and notifying plaintiff to communicate with only Clark regarding his tort claim. Percell Decl. Ex. 11.

## STANDARD

This Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A "material" fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. Further, special rules of construction apply to evaluating summary judgment motions: 1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and 2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Plaintiff's two remaining claims under 42 U.S.C. § 1983 are limited to his First Amendment retaliation claims against Murdock, Boe, and YSD/DESD based on: 1) Boe's TSPC complaint against plaintiff; and 2) plaintiff's alleged exclusion from public YSD/DESD Board meetings. Defendants move for summary judgment on both claims, arguing that the undisputed

facts fail to support plaintiff's claims. Specifically, defendants maintain that they are entitled to qualified immunity and that plaintiff fails to establish a violation of his First Amendment rights.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To ascertain whether qualified immunity applies, the court determines whether a deprivation of a constitutional right occurred and whether that right was clearly established at the time of the deprivation, though not necessarily in that order. *Id.* at 232, 236; *Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012). "[A] district court should decide the issue of qualified immunity as a matter of law when the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts." *Conner v. Heiman*, 672 F.3d 1126, 1131 (9th Cir. 2012) (internal quotation marks and citation omitted). I agree that plaintiff fails to establish a violation of his constitutional rights.

Plaintiff argues that defendants filed the TSPC complaint and excluded him from Board meetings to deprive him of his First Amendment rights and to retaliate against him for exercising his right of free speech when he submitted his tort claim notice to Boe and YSD.[1] To determine whether a government employer impermissibly retaliated against an employee for engaging in

---

[1] With respect to both of these claims, plaintiff presents no evidence that individual Board members played any role in either decision, or that YSD or DESD has a policy of retaliation or exclusion from Board meetings. Rather, plaintiff offers only his personal theory as to involvement of the YSD Board. Percell Decl. Ex. 19 at 14-16; *Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004) ("integral participation" in the alleged unconstitutional action is a "predicate to liability" under § 1983); *see also Shepard v. City of Portland*, 829 F. Supp. 2d 940, 969 (D. Or. October 31 2011) (discussing municipal liability). Therefore, summary judgment in favor of YSD/DESD and the Board members is appropriate on these grounds as well.

6 — OPINION AND ORDER

protected First Amendment speech, an employee must show: 1) that the employee engaged in protected speech; 2) that the employer took "adverse employment action"; and 3) that the speech was a "substantial or motivating" factor for the adverse employment action. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (citing *Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 675 (1996)). Plaintiff fails to meet these elements.

"An employee's speech is protected under the First Amendment if it addresses 'a matter of legitimate public concern.'" *Coszalter*, 320 F.3d at 973 (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 571 (1968)). Generally, "speech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies' is generally not of 'public concern.'" *Id.* (quoting *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983)). Further, the Supreme Court has held "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Whether speech is a matter of public concern is a question of law. *Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 748 (9th Cir. 2010). "A court must consider 'the content, form, and context of a given statement, as revealed by the whole record,'" with content being "the most important factor." *Id.* (quoting *Connick v. Myers*, 461 U.S. 138, 147-48, 103 (1983)).

Plaintiff's alleged protected speech is his tort claim notice served on the YSD Board during the meeting on November 19, 2012. Percell Decl. Exs. 3-5, 19 at 4-6; Houston Decl. Ex. 3 (plaintiff's chronology of events). The subject of the tort claim notice was an alleged breach of a verbal employment contract between plaintiff and YSD. Percell Decl. Exs. 3-5. Plaintiff testified that he attended the YSD Board meeting for purposes of "conflict resolution" and to try to

7 — OPINION AND ORDER

resolve "this lawsuit," i.e., his tort claim. Percell Decl. Ex. 19 at 5-6. It is clear from the record that plaintiff's speech at issue was his tort claim notice and his individual personnel dispute with YSD. Percell Decl. Ex. 3-5, Ex. 19 at 4-6. Because the subject of the speech at issue was a personal employment grievance between plaintiff and YSD, plaintiff's speech is not of public concern and is unprotected for First Amendment purposes.

Even if plaintiff claims that his protected speech related to his complaints about reporting incidents of abuse, a claim that is not supported by the evidence, plaintiff made those complaints pursuant to his duties as a substitute teacher. Percell Decl. Exs. 1, 2, 16 at 3. When public employees make statements pursuant to their official duties, the employees are not speaking on matters of public concern for First Amendment purposes. *Garcetti*, 547 U.S. at 421. Therefore, plaintiff fails to show that he engaged in protected speech.

Plaintiff likewise fails to show an adverse employment action resulting from his alleged exclusion from YSD Board meetings or the TSPC complaint. Plaintiff presents no evidence that his employment was affected in a negative way due to Boe's complaint (rather than the TSPC investigation) or the alleged exclusion from public board meetings. Moreover, plaintiff fails to establish he was actually excluded from the YSD public school board meetings. While Clark's letter informed plaintiff that he could not enter YSD/DESD offices - where Board meetings were held - the letter also advised that YSD would have "security present" if plaintiff attended public meetings. Percell Decl. Ex. 7. Plaintiff also presents no evidence that he attempted to attend a public board meeting and was prevented from doing so.

Finally, plaintiff fails to show the requisite connection between his speech and the alleged retaliation. Plaintiff prevents no evidence that Boe filed the TSPC complaint in retaliation for plaintiff's tort claim notice. Percell Decl. Ex. 19 at 15. In contrast, defendants introduce evidence

8 — OPINION AND ORDER

that Boe filed the TSPC complaint against plaintiff because it was his duty to report any employees that did not follow their duties as mandatory reporters per the TSPC rules, and plaintiff repeatedly had expressed concern over the non-reporting of the incidents involving the students. Percell Decl. Ex. 16. The evidence also shows that Boe filed the TSPC complaint after plaintiff sent threatening communications to an employee, resulting in requests of protection. Percell Decl. Exs. 8, 9, 11, 14, 18. Here, plaintiff does not offer any evidence of a retaliatory motive, besides his own speculations. Even if plaintiff's speech was protected and the TSPC complaint could have adversely affect his employment, plaintiff fails to show his speech was a motivating factor for such action.

## CONCLUSION

Defendant's Motion for Summary Judgment (doc. 92) is GRANTED. Defendants' Motion to Strike is DENIED (doc. 108) as moot, and this case is dismissed.

IT IS SO ORDERED.

DATED this 9th day of May, 2016.

Ann Aiken
United States District Judge